

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 26, 1968

Honorable Richard H. Cory
Chairman, State Affairs Committee
Texas House of Representatives
Capitol Station
Austin, Texas 78711

Opinion No. M-206

Re: Immunity from prose-
cution for criminal acts
resulting from persons
testifying before a Sub-
Committee of the House

Dear Mr. Cory:

State Affairs Committee. .

In your recent opinion request concerning the above captioned matter, you asked whether a witness appearing before a legislative sub-committee, voluntarily invited or subpoenaed, who testifies concerning any unlawful acts in which he is implicated, would gain immunity from criminal prosecution if he so testifies without being under oath. You also asked whether the answer would be any different in case the witness was under oath at the time of his testimony, such oath being administered by the Chairman of the Committee or a Notary Public of the County of the hearing, and/or if such witness appears and so testifies in response to a subpoena.

First, we assume that the committee or sub-committee referred to by you is one duly authorized by statute and created by a House of the Legislature with a quorum present.

Generally, immunity from criminal prosecution is a concept which was unknown in common law and which is afforded only by virtue of either the Constitution or statutes. Neither the United States Constitution nor the Texas Constitution provide for immunity as such, but only give a witness the unqualified right to refuse to incriminate himself by testifying.

The Texas Legislature has provided by statute for immunity for witnesses required to testify over their objection before Legislative Com-mittees. In Section 13 of Article 5429f, Vernon's Civil Statutes, an Act known as the "Legislative Reorganization Act of 1961," it is provided that a witness who refuses to testify to any fact or to produce any papers upon examination by either House of the Legislature, or by any Committee of any House, upon the ground that such would incriminate or tend to incriminate

him, shall nevertheless be required to testify and produce papers, but when so required, over his said objections, such person shall not be subject to indictment or prosecution by the State of Texas for any transaction, matter or thing concerning which he truthfully testifies or produces evidence, documentary or otherwise. This statute has been upheld. Ferrantello v. State, 158 Tex. Crim. R. 471, 256 S. W. 2d 587 (1953).

In view of the foregoing, it is our opinion, under the circumstances posed in your questions, that before such witness would be entitled to the immunity from prosecution afforded by Section 13 of Article 5429f, he would first have to refuse to testify, in response to a question put to him by such committee, on the ground that such testimony or production of papers would incriminate or tend to incriminate him. Then if an answer to such question was insisted upon by the committee, such witness would gain immunity from state prosecution concerning the matter or thing about which he truthfully testifies or produces evidence thereon.

The foregoing is true as to such witness whether under oath or under waiver thereof as provided in Section 11 of said Article 5429f. While subpoenas are authorized for the production of witnesses in such cases, it is not considered that they are necessary in all cases; and consequently whether such witness appears voluntarily, is invited, or is subpoenaed, these facts would not change the foregoing answer. However, in order for the answer given by the witness who is required to testify on subjects over his objections to invoke immunity, it must appear that the answer is truthful as to the matter inquired about. Answers given by him that are unresponsive would not invoke immunity concerning the matter testified about, being not in issue and not required by the committee or the House conducting the investigation.

## SUMMARY

A witness appearing before a duly constituted and authorized sub-committee of the House State Affairs Committee, either voluntarily, invited or subpoenaed will gain immunity from state criminal prosecution concerning any unlawful acts about which he is required to testify over his objection, whether his testimony be under oath, or such oath is waived by the sub-committee.

Unresponsive answers afford the witness no immunity.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. (Bob) Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman

Roger Tyler
Robert Owen
John Banks
Harold Kennedy
Lonny Zwiener

A. J. CARUBBI, JR.
Executive Assistant